```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____

UNITED STATES OF AMERICA,    |
                             |
          Plaintiff,         |
                             |
VS.                          | No. 07-20071
                             |
MICHAEL D. MASON,            |
                             |
          Defendant.         |
_____
```

TRANSCRIPT OF CHANGE OF PLEA

BEFORE THE

HONORABLE S. THOMAS ANDERSON

SEPTEMBER 24, 2008

MARK S. DODSON
OFFICIAL COURT REPORTER
167 N. MAIN STREET - SUITE 422
MEMPHIS, TENNESSEE 38103

UNREDACTED TRANSCRIPT

```
 1
 2                     - A-P-P-E-A-R-A-N-C-E-S -
 3
    For the Plaintiff:
 4
                            STUART J. CANALE
 5                          ASSISTANT U.S. ATTORNEY
                            167 N. MAIN ST., SUITE 800
 6                          MEMPHIS, TN 38103
 7
 8  For the Defendant:
 9                          CLIFTON HARVIEL
                            50 NORTH FRONT ST.
10                          SUITE 850
                            MEMPHIS, TN 38103
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                        SEPTEMBER 24, 2008
 2
 3           THE COURT:  Let's see, this is the matter of
 4   United States versus Michael D. Mason, 07-20071.
 5           MR. CANALE:  Afternoon, Your Honor.
 6           THE COURT:  How are you this afternoon?
 7           MR. CANALE:  Good.
 8           THE COURT:  Are you Mr. Michael Mason?
 9           THE DEFENDANT:  Yes.
10           THE COURT:  Mr. Mason, I've been advised that
11   you have decided to enter a plea of guilty to --
12           Which counts, General?
13           MR. HARVIEL:  Count 4, if Your Honor please.
14           THE COURT:  -- to Count 4 of the indictment
15   that was returned looks like in March on March the 7th of
16   last year; is that correct?
17           MR. HARVIEL:  Yes, sir.
18           MR. CANALE:  Yes.
19           THE COURT:  Mr. Mason, I'm going to be asking
20   you some questions.  I'm going to ask the clerk to swear
21   you in, and then I'll proceed with the questions.
22           THE CLERK:  Please raise your right hand.
23           MR. HARVIEL:  To the extent that he can, Your
24   Honor.  For the record, he is shackled at the moment.
25           THE COURT:  I understand.
```

1  (The defendant was duly sworn).

2  **THE COURT:** Mr. Mason, I'm going to be asking

3  you some questions. If you don't understand the question

4  or you need for me to repeat it, let me know. Also if

5  during the questioning you would like to confer with

6  Mr. Harviel concerning any of the questions that I ask

7  you, you can do that; do you understand?

8  **THE DEFENDANT:** Yes.

9  **THE COURT:** How old are you, Mr. Mason?

10 **THE DEFENDANT:** 51.

11 **THE COURT:** And how far did you go with your

12 education? How much education did you have?

13 **THE DEFENDANT:** College degree.

14 **THE COURT:** When was that.

15 **THE DEFENDANT:** '79.

16 **THE COURT:** 1979. What was your degree in?

17 **THE DEFENDANT:** Marketing management.

18 **THE COURT:** Are you currently taking any kind

19 of medication that would interfere with your ability to

20 understand what we are doing here today?

21 **THE DEFENDANT:** No.

22 **THE COURT:** You do know why you are here; is

23 that correct?

24 **THE DEFENDANT:** Yes.

25 **THE COURT:** And you understand that you are

UNREDACTED TRANSCRIPT

Case 2:07-cr-20071-STA   Document 97   Filed 06/25/19   Page 5 of 19    PageID 295

5

1 entering a plea to the indictment that was returned
2 against you last year as I mentioned?
3       **THE DEFENDANT:** Yes.
4       **THE COURT:** Have you had an opportunity to
5 discuss the case fully with Mr. Harviel?
6       **THE DEFENDANT:** Yes, sir.
7       **THE COURT:** Has he explained to you what your
8 options are as far as going to trial or entering a plea
9 and what the government would be required to prove if you
10 went to trial?
11       **THE DEFENDANT:** Yes.
12       **THE COURT:** Are you satisfied with
13 Mr. Harviel's representation?
14       **THE DEFENDANT:** Yes.
15       **THE COURT:** Okay. Mr. Mason, do you
16 understand that under the constitution and laws of the
17 United States you are entitled to a trial by jury on the
18 charges contained in the indictment?
19       **THE DEFENDANT:** Yes.
20       **THE COURT:** Do you understand that at the
21 trial you would be presumed to be innocent and the
22 government would have to prove that you were guilty by
23 competent evidence beyond a reasonable doubt?
24       **THE DEFENDANT:** Yes.
25       **THE COURT:** Do you understand that at the

UNREDACTED TRANSCRIPT

1    trial the government would have to put on witnesses here
2    in the courtroom in your presence and that your attorney
3    would have the right and opportunity to cross-examine
4    those witnesses?
5             **THE DEFENDANT:**  Yes.
6             **THE COURT:**  Do you understand also that your
7    attorney could object to any evidence offered by the
8    government that your attorney thought was improper, and
9    that you would have the right to offer evidence in your
10   own behalf?
11            **THE DEFENDANT:**  Yes.
12            **THE COURT:**  Do you understand that at the
13   trial you would have the right to testify if you desired
14   to do so, but you could not be made to testify?
15            **THE DEFENDANT:**  Yes.
16            **THE COURT:**  And if you chose not to testify,
17   that could not be used against you in any way?
18            **THE DEFENDANT:**  Yes.
19            **THE COURT:**  Do you understand that if you
20   plead guilty today and I accept your plea, that you will
21   be giving up your right to trial and all the other rights
22   we've just reviewed?
23            **THE DEFENDANT:**  Yes.
24            **THE COURT:**  And also you'll be giving up your
25   right to appeal any conviction in this matter?

UNREDACTED TRANSCRIPT

1      **THE DEFENDANT:** Yes.

2      **THE COURT:** Do you understand that there will
3   not be a trial and that I will sentence you after
4   considering what we refer to as a presentence report?

5      **THE DEFENDANT:** Yes.

6      **THE COURT:** Okay. General, would you review
7   the indictment for the record?

8      **MR. CANALE:** Yes, Your Honor.

9      Your Honor, Count 4 of the indictment states
10  as follows; states that during the calendar year 2003
11  Michael Mason had received taxable income in the
12  approximate sum of $240,359, that upon such taxable
13  income, there was owing to the United States of America
14  an amount of tax of approximately $54,649; that well
15  knowing and believing those facts, Mr. Mason on or before
16  April 15th, 2004, in the Western District of Tennessee,
17  willfully attempted to evade and defeat said income
18  something tax due and owing by him to the United States
19  of America for said calendar year 2003 by failing to make
20  an income tax return on or before April 15th, 2004 as
21  required by law to a proper officer of the Internal
22  Revenue Service by failing to pay the Internal Revenue
23  Service said income tax by concealing and attempting to
24  conceal from all proper officers of the United States of
25  America his true and correct income and by filing a false

UNREDACTED TRANSCRIPT

1   form W4, all in violation of Title 26, United States Code
2   Section 7201.
3           **THE COURT:**  Go ahead, General, if you would
4   review the penalty.
5           **MR. CANALE:**  Your Honor, that carries a term
6   of imprisonment of not more than five years in prison, a
7   fine of not more than $250,000, a term of supervised
8   release of $100 -- excuse me -- a special assessment of
9   $100, term of supervised release of three years.
10          **THE COURT:**  Mr. Mason, you just heard the
11  attorney general describe the contents of Count 4 of the
12  indictment.  Did you understand that that's what you were
13  charged with?
14          **THE DEFENDANT:**  Yes.
15          **THE COURT:**  And did you understand his
16  explanation of what was contained in Count 4 of the
17  indictment?
18          **THE DEFENDANT:**  Yes.
19          **THE COURT:**  Okay.  Mr. Haley, pass this to
20  Mr. Harviel.
21          Mr. Mason, I'm passing you what has been
22  presented to the Court as a plea agreement.  If you would
23  look at the last page.
24          Is that your signature?
25          **THE DEFENDANT:**  Yes.

                          UNREDACTED TRANSCRIPT

1        **THE COURT:** And when did you sign that
2   document?
3        **THE DEFENDANT:** 22nd of this month.
4        **THE COURT:** Okay. Did you have an
5   opportunity --
6        Pass it back up, Mr. Harviel.
7        Did you have an opportunity to discuss the
8   document in detail with Mr. Harviel before you signed it?
9        **THE DEFENDANT:** Yes.
10       **THE COURT:** And did he explain all the
11  contents and all the terms of the agreement to your
12  satisfaction?
13       **THE DEFENDANT:** Yes.
14       **THE COURT:** Okay. General, review the terms
15  of the plea agreement for us.
16       **MR. CANALE:** Your Honor, the plea agreement
17  sets out in paragraph 1 that Mr. Mason would plead guilty
18  to Count 4 of the indictment. The United States has
19  agreed to dismiss the remaining counts at sentencing.
20  The United States has also agreed to dismiss the
21  indictment against Mr. Mason in Case Number 08-20129,
22  which is pending in front of Judge McCalla. It's a
23  failure to appear indictment.
24       Paragraph 2 states that Mr. Mason has been
25  informed of the nature of these charges and elements of

UNREDACTED TRANSCRIPT

1  the charges which must be proved by the government beyond
2  a reasonable doubt before he could be found guilty.  By
3  voluntarily pleading guilty, he is knowingly waiving and
4  giving up his constitutional right to plead not guilty,
5  to compel the government to prove his guilt beyond a
6  reasonable doubt, not to incriminate himself, to confront
7  and cross-examine the witnesses against him and to have
8  the jury or judge determine his guilt on the evidence
9  presented and other constitutional rights which he would
10 have in a criminal case.
11             Paragraph 3 states that the parties have
12 agreed that the tax loss in this case will include the
13 relevant conduct from tax years 2000 through 2004, which
14 is approximately $229,064.48.  Mr. Mason has agreed to
15 make restitution to the Internal Revenue Service in that
16 amount.  The parties have agreed that this provision,
17 that is, the restitution provision is not intended to
18 effectuate a compromise of his civil tax liability and
19 that the IRS may proceed in accordance with established
20 procedures and to the extent allowed by law against
21 Mr. Mason civilly for any additional income tax, interest
22 or penalties that it determines may be due.  Likewise,
23 the agreement does not diminish any rights that Mr. Mason
24 may have under the Internal Revenue Code to oppose the
25 Internal Revenue Service civil deficiency determinations

1    and he may contest these determinations to the extent
2    provided by law.
3           Paragraph 4 states that the parties have
4    agreed that Mr. Mason's conduct, a failure to appear,
5    will result in a two-level enhancement pursuant to 3C1.1
6    of the sentencing guidelines.
7           The United States has agreed to recommend that
8    Mr. Mason would be entitled to a three-point reduction
9    for acceptance of responsibility pursuant to 3E1.1 of the
10   sentencing guidelines, and the United States has further
11   agreed to recommend a sentence at the low end of the
12   applicable sentencing guideline range.  If the Court does
13   not accept these agreements, the defendant will not be
14   allowed to withdraw his guilty plea.
15          Paragraph 5 states that the defendant has
16   acknowledged that he has not been coerced, threatened or
17   promised anything other than the terms of this plea
18   agreement described above in exchange for his plea of
19   guilty.  He has discussed the terms of the plea agreement
20   with Mr. Harviel and is satisfied with Mr. Harviel's
21   advice and counsel and being aware of all the possible
22   consequences of his plea agreement, he has independently
23   decided to enter his plea of his own free will and
24   affirms this agreement by his signature on the plea
25   agreement.

1  **THE COURT:** Mr. Mason, the attorney general
2 has just reviewed the terms of the plea agreement.  Were
3 those terms as you understood them to be?
4  **MR. HARVIEL:** If I may speak, Your Honor,
5 those are the terms that we had agreed to and signed off
6 on.  There is no other -- there is nothing further to our
7 plea agreement.  There is, however, a separate agreement
8 concerning Valerie Walker.
9  **MR. CANALE:** Yes.
10  **MR. HARVIEL:** That they are not going to
11 proceed against Valerie Walker.  With that, that's
12 everything.
13  **THE COURT:** Okay.  But that's not a part of
14 this agreement?
15  **MR. CANALE:** No.
16  **MR. HARVIEL:** That's a separate agreement.
17 Mr. Mason had asked me to speak and explain that.
18  **THE COURT:** All right.
19  **MR. CANALE:** We would agree with that, Your
20 Honor.
21  **THE COURT:** Mr. Mason, with the condition
22 that's just been stated by your attorney, as the
23 agreement was read, does it constitute the agreement as
24 you understood it?
25  **THE DEFENDANT:** Yes.

UNREDACTED TRANSCRIPT

1  **THE COURT:** I want to particularly review two
2  portions of this. Under paragraph 4, it indicates that
3  that you will receive a two-level enhancement for a
4  previous failure to appear.
5  Do you understand what that means --
6  **THE DEFENDANT:** Yes.
7  **THE COURT:** -- Mr. Mason?
8  **THE DEFENDANT:** Yes.
9  **THE COURT:** You understand what it means when
10 it says a two-level enhancement?
11 **THE DEFENDANT:** Yes.
12 **THE COURT:** Also the government is
13 recommending that the Court give you a three-point
14 reduction for acceptance of responsibility. Do you
15 understand that it's entirely within the discretion of
16 the Court to decide what sentence would be appropriate in
17 your case?
18 **THE DEFENDANT:** Yes.
19 **THE COURT:** That the government can make
20 recommendations, but the Court is not obligated in any
21 way to accept those recommendations; do you understand?
22 **THE DEFENDANT:** Yes.
23 **THE COURT:** Okay. And, Mr. Mason, did you
24 sign this agreement freely and voluntarily?
25 **THE DEFENDANT:** Yes.

UNREDACTED TRANSCRIPT

1          **THE COURT:**  Did anyone pressure you or
2     threaten you or try to get you to sign this agreement
3     against your wishes?
4          **THE DEFENDANT:**  No.
5          **THE COURT:**  Okay.  General, what's the factual
6     basis underlying the indictment?
7          **MR. CANALE:**  Your Honor, had this case
8     proceeded to trial, essentially the proof would have
9     shown that the defendant, Mr. Mason, at the time period
10    set forth in the indictment was a pilot employed by
11    Federal Express, that he attempted to evade and defeat
12    the determination of his 2000 through his 2004 income tax
13    liabilities by failing to file income tax returns on the
14    due date of April 15th of the said tax years set out in
15    the indictment and by failing to make payment of the
16    outstanding tax liability.  The defendant's conduct was
17    coupled with affirmative acts of evasion in furtherance
18    thereof including the filing of false W4 forms using
19    nominee entities and individuals and engaging in
20    substantial cash transactions to conceal the disposition
21    of his income.
22         Specifically, the proof would have shown that
23    this investigation began in approximately July 2005 upon
24    a referral from the Internal Revenue Service Examination
25    Division.  The subsequent criminal investigation revealed

UNREDACTED TRANSCRIPT

1	that Mr. Mason had failed to file income tax returns for
2	tax years 2000 through 2004.  The proof would have shown
3	for these tax years defendant earned gross taxable income
4	above the statutory gross income amount requiring an
5	individual to file a federal income tax return.
6	        The proof would have further shown that for
7	these tax years, Mr. Mason signed false W4 employee
8	withholding forms for each tax year claiming that he was
9	exempt from federal income tax withholding on his wages
10	thereby effectively ceasing any federal withholding from
11	his paycheck.
12	        The proof would have further shown that once
13	Mr. Mason became aware of the investigation by the
14	Internal Revenue Service into his failure to file these
15	tax returns and his filing of the false W4s, that he
16	sought to evade the determination of his tax due by
17	committing several acts of evasion.  First of all, we
18	would have shown that the defendant formed sham entities
19	which were used as nominees.  The nominee entity names
20	that he formed were MDM-01, LGM-01 and CPM-01.  Mr. Mason
21	opened bank accounts under these nominee names, utilized
22	these accounts for depositing his paychecks and also for
23	his personal expenditures.
24	        Proof would further have shown that Mr. Mason
25	soon thereafter rented a postal mailbox in the name of

UNREDACTED TRANSCRIPT

1   one of the nominee entities and changed the mailing
2   address for all the bank accounts that he had to this
3   post office box.  Mr. Mason also went from having direct
4   payroll deposits from Federal Express to receiving paper
5   payroll checks which he would then deposit into the
6   nominee accounts or accounts that he also had opened in
7   either his wife or son's names.  The proof would have
8   shown after the manual deposits were made of his
9   paychecks, substantially all the payroll checks would be
10  systematically withdrawn in U.S. currency.
11           The proof would have also shown another act of
12  evasion in that Mr. Mason employed an attorney here in
13  Shelby County to prepare legal documents making it appear
14  as if Mr. Mason's residence in Cordova was mortgaged to a
15  third-party company known as LGM-01, thus attempting to
16  shelter his residence from any potential IRS collection
17  efforts.  The evidence would have shown that the entity
18  LGM-01 was a sham or nominee entity and that no money had
19  actually changed hands and that the lien that had been
20  placed against his residence was in effect nonexistent.
21           As a result of all these and other affirmative
22  acts of evasion, the proof would have shown that there is
23  a tax due and owing to the United States for tax years
24  2000 through 2004 of approximately $229,064.48.
25           **THE COURT:**  Mr. Mason, are the statements that

UNREDACTED TRANSCRIPT

```
 1   you have just heard correct and accurate?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  And as it relates to Count 4, did
 4   you during calendar year 2003 have approximate income of
 5   $240,359, did you fail to timely file a tax return as
 6   required by April the 15th of 2004?
 7                THE DEFENDANT:  Yes.
 8                THE COURT:  And did you in fact submit a false
 9   W4 form in conjunction with those taxes?
10                THE DEFENDANT:  Yes.
11                THE COURT:  Okay.  Anything else from the
12   government at this time?
13                MR. CANALE:  Not that I can think of, Your
14   Honor.
15                THE COURT:  Mr. Harviel, anything else from
16   you?
17                MR. HARVIEL:  Not this afternoon, Judge.
18                THE COURT:  All right.  The Court finds that
19   there is a sufficient factual basis to support a
20   conviction of Mr. Mason in this case.  It appears to the
21   Court that Mr. Mason understands his rights and that he
22   has willingly waived those rights.  Further he has
23   acknowledged his guilt, and the Court is convinced that
24   he is represented by competent counsel in Mr. Harviel, so
25   I'm going to accept Mr. Mason's plea of guilty to Count 4
```

UNREDACTED TRANSCRIPT

1  of the indictment.
2          Mr. Mason, the next phase will be the
3  preparation of what's called a presentence report.  The
4  gentleman seated over to my right will be meeting with
5  you to obtain additional information from you about your
6  background, your employment, your family, your criminal
7  history, if there is any.  Mr. Harviel can meet with you
8  if you would like for him to during that conference.
9  Basically it is for him to get sufficient information to
10 prepare a report for the Court.  Then we will come back
11 in about 90 days, and I will sentence you at that time.
12         Do you understand?
13         **THE DEFENDANT:**  Yes.
14         **THE COURT:**  Mr. Haley, when are we coming
15 back?
16         **THE CLERK:**  Wednesday, December 17th, 2 p.m.
17         **MR. HARVIEL:**  That's fine.
18         **THE COURT:**  Does that work for both of you
19 gentlemen?
20         **MR. HARVIEL:**  Fine with me, Your Honor.
21         **MR. CANALE:**  Yes, Your Honor.
22         **THE COURT:**  December 17th at 2 p.m.
23         Thank you, Mr. Mason.
24         **THE DEFENDANT:**  Thank you.
25         (Adjournment).

                    UNREDACTED TRANSCRIPT

C E R T I F I C A T E

I, Mark S. Dodson, do hereby certify that the foregoing 18 pages are, to the best of my knowledge, skill and ability, a true and accurate transcript from my stenotype notes in the matter of:

UNITED STATES

vs.

MICHAEL D. MASON

Dated this 24th day of June, 2019.

S/*MARK S. DODSON*
Official Court Reporter
United States District Court
Western District of Tennessee

UNREDACTED TRANSCRIPT